IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICHARD L. ROSS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. 2:23-cv-02576-SHL-atc |
| | ) |
| JONATHAN SKRMETTI, | ) |
| | ) |
|     Respondent. | ) |

**ORDER MODIFYING THE DOCKET, DENYING PETITION PURSUANT TO 28 U.S.C. § 2254, DENYING A CERTIFICATE OF APPEALABLITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"), filed by Petitioner Richard L. Ross, a former Tennessee prisoner who is currently incarcerated in Arkansas. (ECF No. 2.) Because Ross is no longer in custody on the convictions at issue, the Court **DENIES** the § 2254 Petition for want of subject-matter jurisdiction.

I.     **BACKGROUND**

    A.     **State Court Procedural History**

On July 3, 1990, Ross entered a guilty plea to rape in the Criminal Court for Shelby County, Tennessee. He was sentenced to a term of imprisonment of eight years. (*Id.* at PageID 2.) Ross avers that he served his entire sentence with no credit for two years of pretrial detention. (*Id.*) According to the Tennessee Department of Correction's Felony Offender Information, Richard Ross, prisoner number 130976, is listed as inactive, his sentence having

expired on March 6, 1998.[1]  Ross did not take a direct appeal.  (ECF No. 2 at PageID 3–4.)  He also filed no post-conviction petition.  (*Id.* at PageID 6.)

### B. Ross's § 2254 Petition

Ross filed his *pro se* § 2254 Petition on September 11, 2023.  The Clerk shall record the respondent as Tennessee Attorney General Jonathan Skrmetti.[2]  The § 2254 Petition presents the following claims:

1. "The alleged victim never talked to an investigator official about been raped.  No DNA Evidence was never taken."  (ECF No. 2 at PageID 6; *see also id.* at PageID 6–7);

2. "The day this alleged rape accrued I asked that DNA be taken from me and Ms. Tuner, and it wasn't."  (*Id.* at PageID 8; *see also id.* at PageID 8–10);

3. "The Alleged victim never came to court to testify against me in court."  (*Id.* at PageID 10; *see also id.* at PageID 10–12); and

4. "On the day of July 3, 1990 I was only there for a plea arrangement and was sentenced instead.  I never was in court again for this case.  I never signed any court paper work from my public defender."  (*Id.* at PageID 12; *see also id.* at PageID 12–14).

## II. ANALYSIS

The Court lacks subject-matter jurisdiction over Ross's § 2254 Petition.  In order to be entitled to relief under 28 U.S.C. § 2254, a habeas petitioner must be "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a).  Specifically, the requirement is "that the

---

[1] *See* https://foil.app.tn.gov/foil/search.jsp (choose "Search By TDOC ID"; then enter "00130976"; then click "Search").  That inmate's birthdate matches that provided by Ross. (*See* ECF No. 3 at PageID 43.)

[2] The Clerk is directed to terminate the State of Tennessee as a party to this action. Because Ross is incarcerated in Arkansas, the Court ordinarily would name, as a second respondent, the warden of the prison where he is being housed.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).  That is unnecessary in this case because the matter will be dismissed prior to service.

habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam). If the sentence for the challenged conviction has fully expired when the petition is filed, the habeas petitioner is not considered to be "in custody" on the expired conviction, even if "that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." *Id.* at 491. Rather, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon [the expired sentence]." *Id.* at 492 (citing *Carafas v. LaVallee*, 391 U.S. 234 (1968)). Because Ross's Tennessee sentence has completely expired, the Court lacks subject-matter jurisdiction over the § 2254 Petition. *In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018) (per curiam).

\* \* \* \*

Because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, the § 2254 Petition is **DISMISSED** without prejudice for want of subject-matter jurisdiction. Judgment shall be entered for Respondent.

### III.    APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2254 petition and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). No § 2254 petitioner may appeal without this certificate. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect."  *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).  "To put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*."  *Id.*; *see also id.* ("Again, a certificate is improper if *any* outcome-determinative issue is not reasonably debatable.").

In this case, there can be no question that the § 2254 Petition is meritless for the reasons previously stated.  Because any appeal by Petitioner on the issues raised in his § 2254 Petition does not deserve attention, the Court **DENIES** a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to

proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a) (4)–(5).  In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is **DENIED**.[3]

      **IT IS SO ORDERED**, this 31st day of October, 2023.

                                        s/ Sheryl H. Lipman
                                        SHERYL H. LIPMAN
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order.  *See* Fed. R. App. P. 24(a)(5).